**UNITED STATES of America,**
**Appellee,**

v.

**Nelson SOLANO, Defendants,**

**Carmen Cardoso, Also Known as Carmen Bensus Cardoso, also known as Yolanda Del Carmen Bensus Moreno, Defendant–Appellant.**

**No. 07–1656–cr.**

United States Court of Appeals, Second Circuit.

Nov. 14, 2008.

George Royle V, Alexandra A.E. Shapiro, Latham & Watkins LLP, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Jocelyn E. Strauber, Diane Gujarati, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. PAUL J. KELLY, JR.,* Circuit Judges.

## SUMMARY ORDER

After a jury trial in the United States District Court for the Southern District of New York, Defendant–Appellant Carmen Cardoso was convicted of conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 963 and 846. The district court sentenced Cardoso to 150 months' imprisonment and five years' supervised release. On appeal, she claims that the district court erred in denying a pretrial request for an evidentiary hearing regarding the existence and status of notes that she alleged were created by a police detective during the course of their repeated conversations. She also claims that the district court erred in refusing to entertain any request for relief when the government revealed mid-trial that the detective's notes—which the government repeatedly insisted throughout discovery did not exist—in fact existed but likely had been

* The Honorable Paul J. Kelly, Jr., of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

destroyed. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues raised by this appeal.

We review the district court's determination not to hold an evidentiary hearing for abuse of discretion. *United States v. Amico*, 486 F.3d 764, 779 (2d Cir.2007).

■ The court did not abuse its discretion in denying Cardoso's pre-trial request for an evidentiary hearing because Cardoso failed to proffer any evidence that the notes existed. In fact, the government represented that the notes did not exist. In support of her motion for an evidentiary hearing, Cardoso proffered nothing more than hypothesis and speculation. *See United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir.1987) (An argument supported by "[a]iry generalities, conclusory assertions" and inadmissible evidence is insufficient to create a genuine issue of fact necessitating an evidentiary hearing.).

■ Furthermore, the court did not err in refusing to entertain an application for mid-trial relief when the government belatedly disclosed that the notes existed but likely had been destroyed. The court concluded that, based on the testimony that the government was prepared to introduce at trial, the notes could not have been evidence of the type of cooperation that Cardoso insists that she provided. The court's conclusions were reasonable under the circumstances, and did not constitute an abuse of discretion.

Cardoso suffered no prejudice from the court's rulings in any event. The detective, who may be the only person with knowledge of the existence and contents of the notes at issue, testified about his note-taking on both direct and cross-examination. The detective's testimony corroborated the government's previous representations to the court regarding the contents of the notes. Cardoso has failed to explain how a further evidentiary hearing regarding the contents of the notes would establish any more than what has already been established at trial.

Cardoso also seeks an evidentiary hearing to develop a record to support a motion for sanctions. The government's behavior with respect to the notes in question, which is outlined above, was far from exemplary. We would expect the government to review their procedures to assure against a repetition. On the facts of this case, however, a remand is unnecessary and therefore inappropriate. *See United States v. Grammatikos*, 633 F.2d 1013, 1019–20 (2d Cir.1980).

Accordingly, the judgment of the district court is hereby AFFIRMED.